IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JASON SEGURA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-06-CV-562 |
| | § | |
| RANGE RESOURCES CORP. and | § | |
| P.C. AXXIS, LLC, | § | |
| | § | |
| Defendants. | § | |

## ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER

This case arises out of personal injuries sustained by Plaintiff Jason Segura, who was allegedly injured while working aboard a vessel owned or operated by Defendant P.C. Axxis, LLC ("Axxis") and being supervised by employees of Defendant Range Resources Corp. ("Range"). Now before the Court comes Defendants' Motion to Transfer to the Western District of Louisiana. For the reasons stated below, Defendants' Motion is **GRANTED**, and this case is **TRANSFERRED** to the Lafayette Division of the Western District of Louisiana.[1]

**I. Background**

Plaintiff was allegedly injured on June 23, 2006. He filed suit against Defendants as a result of those injuries on August 28, 2006. In its Answer, Range moved to dismiss or transfer this action because its co-defendant, Axxis, is allegedly not subject to personal jurisdiction in this District. Later, Axxis filed its own Motion to Dismiss for Lack of Personal Jurisdiction and Alternatively for Venue Transfer. Plaintiff responded to that

---

[1] The Court does not consider this Order worthy of publication. Accordingly, it has not requested and does not authorize publication.

Motion.  Axxis essentially argues that this case should be dismissed because the Court lacks jurisdiction over it since it does not do business in the State of Texas.  Alternatively, Axxis argues that this case should be transferred pursuant to 28 U.S.C. § 1404(a) for the convenience of the Parties.  The Court agrees that the case should be transferred and therefore, the Motion to Dismiss for Lack of Personal Jurisdiction is **DENIED AS MOOT**.

**II.  Legal Standard**

The federal venue transfer statute provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district where it might have been brought."  28 U.S.C. § 1404(a).  The movant bears the burden of demonstrating to the Court that it should transfer the case.  *See Peteet v. Dow. Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989) (requiring movant to make a showing that the forum sought is more convenient); *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966) ("At the very least, the plaintiff's privilege of choosing venue places the burden on defendant to demonstrate why the forum should be changed.").  In determining whether a venue transfer is warranted, the Court considers the availability and convenience of obtaining attendance of witnesses and other trial expenses; the place of the alleged wrong; the location of pertinent books and records; the possibility of delay and prejudice if transfer is granted; and the plaintiff's choice of forum, which is generally entitled to great deference.  *See, e.g., Henderson v. AT&T Corp.*, 918 F. Supp. 1059, 1065 (S. D. Tex. 1996); *Dupre v. Spanier Marine Corp.*, 810 F. Supp. 823, 825 (S. D. Tex. 1993); *Continental Airlines, Inc. v. Am. Airlines, Inc.*, 805 F. Supp. 1392, 1395-96 (S.D. Tex. 1992).  The decision to transfer a case lies within the sound discretion of the Court,

and such determinations are reviewed under an abuse of discretion standard.  *See Peteet*, 868 F.2d at 1436.

**III.  Analysis**

*A.  Availability and Convenience of Witnesses*

"The availability and convenience of witnesses is arguably the most important of the factors" in the § 1404 analysis.  *LeBouef v. Gulf Operators, Inc.*, 20 F. Supp. 2d 1057, 1060 (S.D. Tex. 1998) (citing 15 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 3851, at 415 (1986)).  To support a Motion to Transfer on this ground, the movant must identify key witnesses and provide a brief outline of their likely testimony.  *See id.* (citing *Dupre*, 810 F. Supp. at 825).

Defendants argue that all but one of the crew members present at the time of Plaintiff's accident are Louisiana residents.  The final crew member is a resident of Arkansas.  Additionally, Axxis is located in the Western District of Louisiana, and the Plaintiff's initial treatment was by doctors who reside there.  Defendants expect that these crew members will be the essential fact witnesses, but they do not provide an outline of their likely testimony.  It is likely that the crew members are Defendants' employees, so their appearance can be compelled.

Plaintiff notes that although he is a Louisiana resident, Galveston is a convenient location for him.  Plaintiff points out that Range is a Texas resident with offices in this District.  Additionally, Plaintiff's current treating physician and economics expert are also residents of this District.  Plaintiff's experts are retained, and their testimony can be compelled or presented through deposition testimony.

Given that the majority of witnesses reside in Louisiana, their convenience would be enhanced by a transfer, but only slightly. This weighs in favor of transfer but, in isolation, it is not enough to upset Plaintiff's choice of forum.

*B. Location of Books and Records*

The location of books and records is generally of little importance in a personal injury case. Defendants have not indicated that the records in this case are so voluminous that they would incur substantial cost in transporting them to this Court rather than the federal courthouse in Lafayette. *See LeBouef*, 20 F. Supp. 2d at 1060. This factor does not support transfer.

*C. Cost of Obtaining Witnesses and Other Trial Expenses*

Defendants argue that a trial in Lafayette will be less expensive than one in Galveston since the witnesses are closer to Lafayette than they are to Galveston. Trials are inherently expensive, and a move to the Western District of Louisiana would not significantly reduce costs given that some witnesses do reside here. The Court finds that this factor does not weigh in favor of transfer.

*D. Place of the Alleged Wrong*

This accident occurred in Louisiana waters, and the vessel on which it occurred has no connection to this District. This factor weighs in favor of transfer.

*E. Possibility of Delay*

This case is not set for trial until August of this year. A transfer would inevitably lead to some delay, but the delay is not so substantial as to demand retention. This factor does not weigh for or against transfer.

*F. Plaintiff's Choice of Forum*

Plaintiff's choice of forum is generally entitled to great deference.  However, that choice of forum is entitled to less deference when the plaintiff does not live in the forum.  *See, e.g., Robertson v. M/V Cape Hunter*, 979 F. Supp. 1105, 1109 (S.D. Tex. 1997) (finding that a Mississippi plaintiff's choice of the Southern District of Texas was entitled to little or no deference where the case had no connection to the forum).  Plaintiff is a resident of Louisiana, and this case has no connection to this Division, so his choice of forum is entitled to little deference.

## IV.  Conclusion

Since this case has very little connection to this District and a substantial connection to the Western District of Louisiana, Defendants' Motion to Transfer Venue is **GRANTED**.  All Parties are to bear their own costs, expenses, and attorneys' fees incurred herein to date.

**IT IS SO ORDERED.**

**DONE** this 20th day of March, 2007, at Galveston, Texas.

_____
Samuel B. Kent
United States District Judge